IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FERNANDO SALAZAR,<br><br>    Defendant.<br>_____/ | No. CR-05-00128 MJJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

## INTRODUCTION

Before the Court is Defendant Fernando Salazar's ("Defendant") Motion to Dismiss Indictment. For the following reasons, the Court **DENIES** Defendant's motion.

## FACTUAL BACKGROUND

Defendant is charged with illegally reentering the United States following deportation without obtaining express consent of the Attorney General of the United States in violation of 8 U.S.C. § 1326. Defendant's FBI file contains two prior executed Warrants of Deportation. Defendant first was arrested and deported to Mexico on January 28, 1995. At the time of the first deportation, Defendant was on probation for his 1992 involuntary manslaughter conviction. Less than a year later, on January 5, 1995, Defendant was rearrested in the United States and again deported to Mexico. On both occasions Defendant signed a standard pre-printed form, written in Spanish, admitting that he had been informed of and understood his rights. In both instances, an administrative judge, without the guidance of a jury, determined that Defendant should be deported.

In 1999, Defendant was rearrested in the United States, convicted of disorderly conduct, and sentenced to three years probation. Defendant was turned over to the United States Border Patrol and was granted Voluntary Return to Mexico the following day.

The following action arises from Defendant's activities in early 2005. On February 10, 2005, Defendant's neighbor contacted the Hayward, California, Police Department and complained that Defendant had attempted to break into her house. The Hayward police then alerted the Immigration and Customs Enforcement officers that Defendant was in the United States. Five days later, on February 15, 2005, Defendant was arrested and read his *Miranda* rights. Defendant subsequently signed a sworn statement waiving his *Miranda* rights and admitting he is a citizen of Mexico who had previously been deported from the United States.

## LEGAL STANDARD

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, a party may file a motion to dismiss based on "any defense, objection, or request that the court can determine without a trial of the general issue." *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). In considering the motion, a court may look only to the face of the indictment and must accept as true all facts alleged in the indictment. *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1955); *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000). "Unless [the court] finds good cause to defer a ruling," it must decide such a motion before trial. FED. R. CRIM. P. 12(d); *see also Shortt Accountancy*, 785 F.2d at 1452 (citing former FED. R. CRIM. P. 12(e)).

## ANALYSIS

Defendant argues that the Court should dismiss the indictment on two grounds: (1) the indictment fails to allege a prior aggravating felony; and (2) the finding of prior deportability was made by a judge and not a jury. The Court considers these arguments separately.

**I.  Failure to Allege Prior Aggravated Felony**

The maximum statutory prison sentence for being found without permission in the United States following deportation is two years. 8 U.S.C. § 1326(a). However, if the removal was subsequent to a conviction for commission of an aggravated felony, as defined in 8 U.S.C. § 1101,

the maximum prison sentence increases to twenty years.  8 U.S.C. § 1326(b)(2).[1]

In *Apprendi v. New Jersey*, the Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000) (emphasis added).  The *Apprendi* Court carved out the prior conviction exception with reference to its earlier holding in *United States v. Almendarez-Torres*, 523 U.S. 224 (1998).  In *Almendarez-Torres,* the Supreme Court allowed the judge to increase the defendant's sentence beyond the statutory maximum based on the judge's determination of the defendant's recidivist acts.  And, since it is the Supreme Court's exclusive prerogative to overrule its prior decisions, *Almendarez-Torres* remains good law until the Court chooses to explicitly overrule it.  *See Agnostini v. Felton*, 521 U.S. 203, 237 (1997).

The Ninth Circuit squarely rejected the argument that *Apprendi* requires the government to plead and prove a prior aggravated felony in a § 1326(b)(2) indictment.  *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000) (relying on the *Almendarez-Torres* exception carved out in *Apprendi*).  The Ninth Circuit reaffirmed *Pacheco-Zepeda* just last year when it noted that even under the post-*Apprendi* decision in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004), "the Supreme Court explicitly preserved its prior holding in *Apprendi v. New Jersey* and *Almendarez-Torres v. United States*, that a sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury."  *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004) (citations omitted).

Defendant claims that a more recent Supreme Court opinion, *Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254 (2005), undermines the reasoning of *Pacheco-Zepeda*.  Defendant points to Justice Thomas's concurring opinion which states that "a majority of the court now recognizes *Almendarez-Torres* was wrongly decided."  *Id.* at 1264 (Thomas, J., concurring).  However, the full court explicitly refrained from overruling *Almendarez-Torres* noting that the facts in *Shepard* were

---

[1] Pursuant to 8 U.S.C. § 1101(43)(O), when a prior deportation is based on any other section of § 1101(43), then the reentry without permission is deemed an aggravating offense.  Murder or any crime of violence resulting in at least one year of imprisonment is listed as an aggravating offense.  8 U.S.C. § 1101(43)(A) (listing, *inter alia*, "murder"), § 1101(F) (any violent crime).

3

simply "too far removed from the conclusive significance of a prior judicial record" to fall within the exception carved out in *Apprendi*. *Id.* at 1262–63. Even Thomas acknowledged that *Amendarez-Torres* continues to be binding precedent by noting that the Supreme Court "has not yet reconsidered *Almendarez-Torres*." *Id.* Thus the courts are "compelled to recognize *Almendarez-Torres'* continued, albeit ever narrowing, precedential authority." *United States v. Gonzalez-Ruiz*, 2005 WL 1160648, at *3 (N.D. Cal. May 17, 2005) (rejecting defendant's claim that *Shepard* undermined *Almendarez-Torres*).

As such, Defendant's arguments come before the Court under the same situation in which the Ninth Circuit addressed *Pancheco-Zepeda* and the result is the same: until the Supreme Court explicitly overrules *Almendarez-Torress*, the narrow exception carved out for recidivism from the *Apprendi* rule remains the law the Court must follow. Therefore, under *Almendarez-Torres* and *Pancheco-Zepeda*, a prior conviction, which can be considered as part of any post-conviction sentencing decision, need not be alleged in the indictment. *See Almendarez-Torres*, 523 U.S. at 228*; Pacheco-Zepeda*, 234 F.3d at 414.

## II.    Finding of Prior Deportability

Defendant next contends that the indictment must be dismissed because it relies on the lawfulness of his prior deportations, which were determined by an immigration judge as opposed to a jury.[2] To prove Defendant violated § 1326, the Government must only show that:  (1) the defendant is an alien; (2) he or she was deported and removed from the United States; and (3) he or she voluntarily returned and remained in the United States without the consent of the Attorney General. *United States v. Gondinez-Rabadan*, 289 F.3d 630, 633 (9th Cir. 2002). Whether or not the deportation itself was lawful is not an element of the offense. *Gonzalez-Ruiz*, 2005 WL 1160648, at *4 (citing *Gondinez-Rabadan*, 289 F.3d at 633). Because the Government need only show that a defendant was ordered deported, a criminal trial for violation of § 1326 does not actually *use* an administrative determination as conclusive evidence of a fact that must be proved in the criminal proceeding. *United States v. Bahena-Cardenas*, 2005 WL 1384353 at *3 (9th Cir. June 13,

---

[2] It is true that a prior finding of deportability has a significant impact on the penalty he might face (two years for a violation of 8 U.S.C. § 1325(a) versus twenty years for violating § 1326(b)).

4

2005).  As such, "it necessarily follows that the Sixth Amendment does not require the lawfulness of the prior deportation order at issue to be determined by a jury."  *Gondinez-Rabadan*, 289 F.3d at 633.  Here, the Government has alleged that Defendant:  (1) is "an alien" who (2) has twice been "deported or removed" from the United States and (3) that he has reentered without "having obtained the express consent of the Attorney General."  (Opposition, Ex. 1.)  Therefore, the Government has properly alleged all the required elements of § 1326(b).

Even if Defendant's contention that the Government must allege the lawfulness of the prior deportation is accepted, the Government could show the deportation's lawfulness despite the lack of a jury's participation.  Since an immigration judge has full authority to determine whether an alien is deportable and to order him deported, the deportation hearing is not subject to the same procedural safeguards as a felony conviction.  8 U.S.C. § 1227a; *United States v. Leon-Leon*, 35 F.3d 1428, 1432 (9th Cir. 1994) ("A deportation hearing is not a criminal trial and need not be conducted as such."); *United States v. Nicholas-Armeta*, 763 F.2d 1089, 1090 (9th Cir. 1985) (defendants in civil deportation hearings not entitled to the same rights given to criminal defendants).  Moreover, the mere "fact that there are fewer due process safeguards in a deportation hearing does not make § 1326 unconstitutional because the Supreme Court has held that deportation hearings must comport with the requirements of due process before they 'may be used to establish conclusively an element of a criminal offense.'"  *Bahena-Cardenas*, 2005 WL 1384353 at *4 (quoting *United States v. Mendoza-Lopez*, 481 U.S. 828, 838 (1978)).  Since deportation hearings are subject to due process review – a defendant may collaterally attack deportation through 8 U.S.C. § 1326(d) – they comport with the requirements of due process and the outcome of such a hearing may be used in subsequent criminal proceedings.  Defendant does not seek to collaterally attack the prior deportation hearings as violating his due process rights under § 1326(d) and thus the immigration judges' decisions are admissible.

Finally, Defendant claims that *United States v. Tinghe*, 266 F.3d 1187 (9th Cir. 2001), requires the Court to find that a jury must have decided the deportability of the alien for it to be properly alleged.  In *Tinghe*, the Ninth Circuit found that the trial court's reliance on a prior juvenile conviction – which was not found by a jury – as a predicate felony for sentence enhancement under

the ACCA was improper in light of *Apprendi*. *Id.* at 1190. Thus, *Tinghe* requires the Government, in ACCA proceedings, to prove the *actual commission* of a prior crime. Here, however, the Government only needs to prove that Defendant *was found to be deportable* in order to convict him of illegal reentry; the Government does not need to show that the underlying deportation order was factually correct. *See Gonzalez-Ruiz*, 2005 WL 1160648, at *5. Thus, the Government must only allege that Defendant was previously deported, not that the deportation was valid. Since the Government properly alleged facts to sustain a conviction under § 1326(b), Defendant's reliance on *Tinghe* is misplaced.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Salazar's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: July _6_, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE